Filed 1/17/23 In re P.V. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re P.V., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B319622 (Super. Ct. No. 2021020959) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>P.V.,<br><br>    Defendant and Appellant. | |

P.V. appeals the juvenile court's order sustaining a wardship petition after finding that she aided and abetted the crime of arson. (Welf. & Inst. Code, § 602; Pen. Code, § 451, subd. (c).)[1] Appellant contends there is insufficient evidence to support the juvenile court's true finding because she lacked the requisite

---

    1 All further statutory references are to the Penal Code unless otherwise indicated.

intent to aid and abet and took no affirmative action to assist her friend in starting the fire. We affirm.

*Factual and Procedural Background*

In July 2021, during the early morning hours between 1:00 a.m. and 2:00 a.m., appellant, who was 15 years old at the time, engaged in a series of destructive acts together with her friend, E.S., including setting fire to an elementary school that destroyed three classrooms and caused over $1 million dollars-worth of damage. Appellant memorialized her actions that night by recording several videos and uploading them to her Snapchat account under the caption, "'It be like that.'"

For example, appellant recorded a video of herself and E.S. hanging out at a local middle school near E.S.'s house, drinking Malibu Rum with a filter that showed the girls with devil horns on their heads. Appellant also recorded a video of herself and E.S. breaking into an elementary school by throwing large rocks through the classroom window. After the girls entered the classroom, appellant set her phone up to automatically record as they destroyed equipment, knocked over a filing cabinet and threw paper around the room. Appellant also dumped hand sanitizer on the countertops and threw the fire extinguisher outside the door of the classroom.

Shortly thereafter, appellant recorded and posted a video of E.S. holding an American flag and lighting it on fire as pieces of the burning flag fell to the floor igniting the paper that appellant had earlier thrown about the classroom. Appellant then took "selfie" videos that showed the girls smiling and dancing to music as the piles of debris burned on the classroom floor. Appellant also recorded and posted an image of the moon, followed by a

video clip of the elementary school engulfed in flames that she had taken from E.S.'s backyard.

A fellow student who saw the videos and recognized appellant and E.S. reported them to school officials. The student also provided officials with a copy of the Snapchat videos that she had recorded from her cell phone.

During an interview with the Director of Student Support Services for Ventura Unified School District, appellant initially denied knowing why she was there, but eventually admitted that she and E.S. had broken into the classroom and vandalized it. Appellant claimed it was E.S. who started the fire when appellant had her back turned. Appellant provided the director with a written statement and was later arrested.

In August 2021, a petition was filed against appellant alleging she committed felony arson of a structure (§ 451, subd. (c), count 1), felony burglary with the intent to commit larceny (§ 459, count 2), and felony vandalism (§ 594, subd. (b)(1), count 3). (Welf. & Inst. Code, § 602.)

During the contested hearing, appellant testified that she had only met E.S. the day before, and although she knew that E.S. had vandalized the elementary school on a prior occasion, appellant claimed she had no knowledge that E.S. intended to vandalize the school or start a fire in the classroom that night. Appellant testified that she only discovered E.S. had a lighter after she used it to light a cigarette while they were at the middle school.

According to appellant, she just wanted to hang out, listen to music, and make videos. Appellant testified that she and E.S. decided to walk over to the elementary school to find the playground, but appellant was soon cold and wanted to warm up.

E.S. tried to open the classroom doors, but they were locked, so the girls took turns throwing rocks at a classroom window until it broke. After appellant kicked the broken window in, E.S. climbed inside and let appellant in through the classroom door.

Appellant testified that after they had been inside the classroom for approximately 10 minutes, she and E.S. began "destructing" things, throwing papers around the room, and dancing. Appellant claimed she threw the fire extinguisher out of the classroom because it was "just another thing to throw." Although she claimed she was surprised when she discovered that E.S. had started the fire, she acknowledged that she took no action to stop E.S. or to call for help, even after the fire grew out of control.

After the hearing, the juvenile court found true each of the allegations, declared appellant a ward of the court, and ordered that she be committed to the Division of Juvenile Justice.

*Discussion*

Appellant only challenges the sufficiency of the evidence supporting the juvenile court's true finding that she aided and abetted the crime of arson of a structure in count 1.

*Standard of Review*

When a minor challenges the sufficiency of the evidence supporting the juvenile court's true finding of the criminal allegations contained in a Welfare and Institutions Code section 602 petition, we apply the same standard of review that applies in adult criminal cases where a defendant challenges the sufficiency of the evidence. (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.) We review the entire record in the light most favorable to the judgment to determine whether it discloses substantial evidence that is reasonable, credible, and of solid value such that

4

a reasonable trier of fact could find appellant guilty beyond a reasonable doubt.  (*Ibid.*; *People v. Johnson* (1980) 26 Cal.3d 557, 576-578.)

We presume in support of the judgment the existence of every fact the trier of fact could reasonably have deduced from the evidence.  If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal of the judgment.  (*In re V.V.*, *supra*, 51 Cal.4th at p. 1026.)  We resolve neither credibility issues nor evidentiary conflicts.  (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

*Sufficient Evidence of Aiding and Abetting Arson*

"A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure . . . or property."  (§ 451.)  "All persons concerned in the commission of a crime . . . whether they directly commit the act constituting the offense, or aid and abet in its commission . . . are principals in any crime so committed.  (§ 31.)  A person aids and abets the commission of a crime when he or she, "acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advice aids, promotes, encourages or instigates, the commission of the crime."  (*People v. Beeman* (1984) 35 Cal.3d 547, 560-561.)

"Among the factors which may be considered in making the determination of aiding and abetting are: presence at the scene of the crime, companionship, and conduct before and after the offense. [Citations.]  In addition, flight is one of the factors which

5

is relevant in determining consciousness of guilt. [Citation.]" (*In re Lynette G.* (1976) 54 Cal.App.3d 1087, 1094-1095.) "Whether a person has aided and abetted in the commission of a crime ordinarily is a question of fact. [Citations.] Consequently, "'all intendments are in favor of the judgment and a verdict will not be set aside unless the record clearly shows that upon no hypothesis whatsoever is there sufficient substantial evidence to support it.'"" (*Id.* at p. 1094.)

Here, appellant acknowledges that she vandalized the classroom with E.S. and was present when E.S. started the fire. However, appellant contends there is insufficient evidence that she knew of E.S.'s intent to start the fire, that she intended to assist E.S. in starting the fire, or that she took affirmative action to assist E.S. in starting the fire.

But appellant's contentions are not supported by the record. As the juvenile court observed, appellant's actions that night cannot be viewed "independently in a vacuum." For example, the videos showed appellant and E.S. engaging in a series of destructive behaviors together in which both girls danced and enjoyed themselves as they intentionally destroyed property and threw papers around the classroom before E.S. started the fire.

Appellant also intentionally threw the fire extinguisher out of the classroom. Shortly thereafter, she recorded E.S. lighting the American flag on fire with the lighter and continued to record as embers dropped to the floor littered with paper. The juvenile court emphasized that appellant knew the paper was there, and appellant testified that she knew it was combustible, yet she continued to take "selfies" with E.S. and make videos of the fire as it grew from only inches to approximately four feet in height.

As the juvenile court observed, the circumstantial evidence of appellant's aiding and abetting liability is "strong." We agree.

The general rule is that "neither presence at the scene of a crime nor knowledge of, but failure to prevent it, is sufficient to establish aiding and abetting" liability, even where a person later expresses approval of the crime, so long as he or she takes no action to aid or encourage it. (See *People v. Campbell* (1994) 25 Cal.App.4th 402, 409; *In re K.M.* (2022) 75 Cal.App.5th 323, 329.) In this case, appellant's presence at the scene coupled with her conduct, both before and after E.S. started the fire, is strong evidence that she intended to encourage and promote E.S.'s actions.

Moreover, even if appellant did not know that E.S. intended to start a fire when they entered the classroom, she would have known the moment she saw E.S. light the flag on fire. But appellant made no attempt to stop E.S. or disassociate herself from the situation. Instead, she decided to record E.S. lighting the fire and immediately post the video to her Snapchat story. Appellant's actions are also inconsistent with her testimony that she was surprised when she turned around and realized there was a fire on the floor of the classroom. (See *In re V.V., supra*, 51 Cal.4th at p. 1031.)

Based on this evidence, the juvenile court could reasonably infer that appellant intended to encourage and promote E.S.'s actions in starting the fire, even without prior knowledge of her intent. "'Aiding and abetting may be committed "on the spur of the moment," that is, as instantaneously as the criminal act itself. [Citation.]'" (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1148; *People v. Nguyen* (1993) 21 Cal.App.4th 518, 531-532.)

Appellant's conduct in fleeing the scene with E.S. afterward without calling for help and continuing to record the fire from E.S.'s backyard further supports a finding that appellant took affirmative action to promote and encourage the commission of arson. (See *In re Lynette G., supra*, 54 Cal.App.3d at pp. 1094-1095.) Considering the totality of appellant's actions that night, the juvenile court did not believe she was "just a bystander." Nor did it find her testimony credible. As the juvenile court opined, appellant's "self-serving statements . . . do not support all [of] her claims." Indeed, "[t]he court's decision to sustain the petition indisputably reflects its conclusion appellant was not a credible witness." (*In re Juan G.* (2003) 112 Cal.App.4th 1, 5-6.)

Accordingly, we conclude sufficient evidence supports the juvenile court's true finding, beyond a reasonable doubt, that appellant aided and abetted E.S. in the commission of arson. Because we so find, we do not address the natural and probable consequences theory of vicarious liability.

Appellant makes several arguments in response. First, she contends the Snapchat videos are insufficient to "retroactively infer" an intent to aid and abet E.S. in the commission of arson because she took those videos "indiscriminately" and are more reflective of "bravado" and a desire to be perceived as "cool." However, we will not disturb the juvenile court's findings merely because the circumstances might also reasonably be reconciled with a contrary finding. (*In re V.V., supra*, 51 Cal.4th at p. 1026.)

Second, appellant contends that evidence of her "severe intoxication" suggests that she lacked the intent to aid and abet arson. But arson is a general intent crime. (*People v. Booker* (2011) 51 Cal.4th 141, 177, citing *People v. Atkins* (2001) 25

8

Cal.4th 76, 87-89.)  An aider and abettor of arson need only to intend the encouraging or facilitating of the arson, as well as the arson itself.  (*Atkins*, at pp. 86, 93.)  Here, the juvenile court questioned appellant's recollection of events based on her intoxication, but nevertheless found she acted with the requisite intent to find her liable as an aider and abettor.

Finally, appellant contends there is not a sufficient nexus between her actions and the commission of arson.  However, for the reasons we have already discussed above, this contention is unpersuasive.

*Disposition*

The judgment (findings and order) is affirmed.

NOT TO BE PUBLISHED.


                                                    YEGAN, J.

We concur:


        GILBERT, P. J.


        BALTODANO, J.

9

Manuel J. Covarrubias, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, Executive Director, and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Stefanie Yee, Deputy Attorney General, for Plaintiff and Respondent.